## WILLMERING et al. v. UNITED STATES.[*]
### No. 6472.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1932.

H. H. Cooper, A. A. Lumpkin, and Cleo G. Clayton, all of Amarillo, Tex., for appellants.

[*]Rehearing denied January 10, 1933.

Norman J. Morrison, Sp. Asst. to Atty. Gen.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellants Willmering, Thomson, and Sneed were convicted upon an indictment which charged them with a continuing conspiracy, under section 37 of the Criminal Code (18 USCA § 88), to possess, transport, and sell intoxicating liquor in violation of the National Prohibition Act (title 2, § 3 [27 USCA § 12]). Several overt acts were proved as alleged.

The evidence for the government abundantly establishes that each of the appellants was engaged in committing the substantive offenses alleged to be the objects of the conspiracy, but it is their contention that they were acting independently of each other and that the proof failed to show that they or any two of them were acting in concert or in partnership in the possession, transportation, or sale of liquor. The evidence against them disclosed that, in raids upon Willmering's home and place of business, and upon Thomson's home and rooms in hotels which he had rented, books of account were seized which were partly kept in the same handwriting; that bills made out to Willmering were found on the premises of Thomson; that some entries in Willmering's books of account were in Thomson's handwriting; that some entries in both Willmering's and Thomson's books of account were in Sneed's handwriting; that Thomson made deliveries of liquor in a Pontiac car; that Willmering's records show that he bought a rim and gasoline for a Pontiac car; that throughout the alleged conspiracy until his house was searched Willmering rented telephone No. 4222; that this telephone number was transferred from Willmering's place of business to Thomson's rooms, and later after those rooms were raided to Willmering's home, where Willmering also had two other telephones; that extensions for telephone 4222 were also put in; that "4222" was stamped on corkscrews, pencils, and letter openers that were distributed as advertisements, and became well known as a telephone number over which orders for liquor could be and were received; that Willmering was present in Thomson's rooms when they were raided, and that the telephone numbers in use there were 4222 and 4111. After that raid Thomson had a room at another hotel in which telephone No. 4111 was used. When this last-mentioned room was raided, Sneed was sitting at the telephone. When Sneed was arrested, he was driving a car that was owned by Willmering.

In our opinion this evidence, circumstantial though it was, had enough probative force to authorize the jury to find that the appellants were all three engaged in the same conspiracy. If appellants had been operating independently of each other, it is most unlikely that Thomson would have been keeping books for Willmering, or would have had Willmering's bills in his possession; or that Willmering would have allowed his telephone number to be shifted or extended to Thomson's rooms. Even friendly rivals doing business at different places do not usually have the same telephone number. The circumstance that, after Thomson's rooms were raided, the telephone number was shifted to Willmering's home, can hardly be explained on any other theory than that these two appellants were acting in concert. The jury might well have found that telephone No. 4222 was installed only for the purpose of receiving orders and was shifted about to different locations for the purpose of avoiding detection, and that the additional telephones were used to relay orders to the place or places where the liquor was stored. The circumstance that Sneed kept books for both Willmering and Thomson, standing alone, would not have much weight, but, when it was shown in addition that he was in charge of the telephone at the time of the raid on one of Thomson's places, was himself engaged in the liquor business, and was using Willmering's car in that business at the time he was arrested, it was fairly made to appear that he too was one of the conspirators. This chain of circumstances, unexplained and unopposed by any evidence of a contradictory character, was inconsistent with any reasonable conclusion other than that appellants were acting in concert. Graves v. United States, 150 U. S. 118, 14 S. Ct. 40, 37 L. Ed. 1021; Commonwealth v. Webster, 5 Cush. (Mass.) 295, 52 Am. Dec. 711. On the whole we think the evidence was sufficient to sustain a verdict of guilty as to each and every appellant.

The judgment is affirmed.